1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

8
9
10

ANTHONY JOHN THOMAS STELTON,

        Plaintiff,

    v.

SHERIFF MARGARET MIMMS, et al.,

        Defendants.

_____/

Case No. 1:13-cv-01046-SKO (PC)

FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983

(Doc. 1)

THIRTY-DAY DEADLINE

11
12
13
14
15
16
17

### First Screening Order

18

**I.**  **Screening Requirement and Standard**

19
20

      Plaintiff Anthony John Thomas Stelton, a former prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2013.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

21
22
23
24
25
26
27
28

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.    Discussion

### A.    Allegations

Plaintiff filed this action against Sheriff Margaret Mimms and Fresno County Jail medical staff while he was incarcerated at the Fresno County Jail.[1]  Plaintiff alleges that he was booked into the jail on May 30, 2013, and he informed medical staff he needed a soft food diet because he has no teeth and he has a hernia.  Plaintiff alleges that as of June 25, 2013, he had put in numerous request slips but had not seen a doctor or been provided with a soft food diet.  Plaintiff also alleges that he has a problem with bleeding gums and his hernia is causing him a lot of pain.

///

///

///

---

[1] Plaintiff filed a notice of change of address to a residential address on July 30, 2013.

1  **B.** **Medical Care Claim**

2  **1.** **Legal Standard**

3  As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount

4  to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); *Simmons v. Navajo*

5  *County, Ariz.*, 609 F.3d 1011, 1017-18 (9th Cir. 2010); *Clouthier v. County of Contra Costa*, 591

6  F.3d 1232, 1244 (9th Cir. 2010).   While pretrial detainees' rights are protected under the Due

7  Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth

8  Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.

9  *Simmons*, 609 F.3d at 1017-18; *Clouthier*, 591 F.3d at 1242; *Frost v. Agnos*, 152 F.3d 1124, 1128

10  (9th Cir. 1998).

11  Inmates are entitled to medical care, and the Constitution is violated when jail officials act

12  with deliberate indifference to an inmate's serious medical needs.   *Snow v. McDaniel*, 681 F.3d

13  978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076,

14  1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*,

15  439 F.3d 1091, 1096 (9th Cir. 2006).   Plaintiff "must show (1) a serious medical need by

16  demonstrating that failure to treat [his] condition could result in further significant injury or the

17  unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was

18  deliberately indifferent."  *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir.

19  2006)).   Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a

20  prisoner's pain or possible medical need, and (b) harm caused by the indifference."  *Wilhelm*, 680

21  F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).   The requisite state of mind is one of subjective

22  recklessness, which entails more than ordinary lack of due care.  *Snow*, 681 F.3d at 985 (citation

23  and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

24  **2.** **Findings**

25  Plaintiff has not linked Defendant Mimms to a violation of his constitutional rights.

26  Supervisory personnel such as Mimms may not be held liable under section 1983 for the actions of

27  subordinate employees based on *respondeat superior*, or vicarious liability.  *Crowley v. Bannister*,

28  734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726

F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Crowley*, 734 F.3d at 977 (citing *Snow*, 681 F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).  The Court finds that Plaintiff fails to state a claim against Defendant Mimms under section 1983.

Turning to jail medical staff, Plaintiff may not sue an unidentified group of employees under section 1983.  Plaintiff may name Doe defendants, *Crowley*, 734 F.3d at 978, but he must allege specific facts linking one or more defendants to the violation of his rights, *Iqbal*, 556 U.S. at 676-77; *Simmons*, 609 F.3d at 1020-21; *Jones*, 297 F.3d at 934.  Plaintiff has not done so nor has he alleged sufficient facts demonstrating that one or more jail employees knowingly disregarded a substantial risk of harm to his health.  Therefore, Plaintiff fails to state a claim under section 1983 against any jail staff members.

**III.    <u>Conclusion and Order</u>**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional

rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **May 8, 2014**                              **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE